Isaac Russell, Joseph Doughty, and Newell Birch, impleaded with John Doughty, plaintiffs in error *v.* John Hogan and Henry H. West, defendants in error.

*Error to Coles.*

Where an action of assumpsit is commenced against several, only one of whom pleads to the action, and the default of the others is entered, it is erroneous to take final judgment against them until the issue as to the defendant who pleads, is disposed of.

In an action *ex contractu* against several defendants, the judgment is a unit; it must be rendered against all or none. The cause cannot be continued as to one who has pleaded, and final judgment rendered against the others.

This was an action of *assumpsit* upon a promissory note. The proceedings in this cause were had at the March term, 1839, of the Coles Circuit Court, before the Hon. Justin Harlan. After the cause had been continued as to John Doughty, judgment by default was rendered against the other defendants, and the damages assessed by the clerk at $736,32.  ·

U. F. Linder, for the plaintiffs in error, cited 1 Saund. Plead. and Ev. 169, and authorities there cited; 1 Chit. Plead. 31–4;· Story's Plead. ch. 13, title, *Of Pleas by Several Defendants;* Rochester *v.* Fratters, 4 Bibb 444.

O. B. Ficklin, for the defendants in error.

Smith, Justice, delivered the opinion of the Court:

The defendants in error declared as plaintiffs in the Circuit Court, against the defendants and John Doughty, as the joint makers of a promissory note, under the firm of Isaac Russell & Co. John Doughty filed his plea of non-assumpsit, and an affidavit of the non-execution of the note by himself, or any person authorized for such purpose, and that he had never been a

co-partner of the firm, as charged in the declaration to exist. The other defendants, on whom process had been served, made no defence, and judgment by default was taken, an assessment of damages had, and a final judgment rendered against them, without a trial of the issue presented by the plea of John Doughty. This is the ground of error assigned. The objection is well taken. It is certainly erroneous to proceed to final judgment against a part of several joint defendants, without a final disposition of the cause as to the others. The plaintiffs should have tried the issue made up by the plea of non-assumpsit, before a rendition of final judgment against the others. The judgment, in a case like the present, is a unit; judgment must be rendered against all, or none. The plaintiffs could not enter a *nolle prosequi* or discontinuance as to any one or more of the defendants, and proceed to final judgment against the others. This doctrine was laid down in this Court, in December term, 1826, in the case of Ladd and Taylor *v.* Edwards.(1)

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings, conformably to this opinion. The plaintiffs in error recover costs.

*Judgment reversed.*