# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## SECOND DISTRICT—OCTOBER TERM, 1901.

### Mrs. S. H. Hurtt v. Sanders Bros. Mfg. Co. et al.

1. MECHANICS' LIENS—*Defective Notices.*—The following notice under the mechanics' lien law is held to be defective in not stating when the material was to be delivered nor that there was any fixed time when it should be delivered or when the payments were to be made:

" OTTAWA, ILL., Mar. 2, 1899.

" To R. A. YOUNG, ARCHITECT IN CHARGE OF A CERTAIN BUILDING BEING ERECTED FOR ONE MRS. S. H. HURTT, AT PONTIAC, ILLINOIS, UNDER A CONTRACT WITH P. D. RISH.

" You are hereby notified that on or about the first day of September, 1898, the undersigned entered into a verbal contract with one P. D. Rish, who then had the contract for the construction of a house for the said Mrs. Hurtt, in and by which the undersigned agreed to furnish the mill work for the said contract for the construction of the said residence for the amount of $750.00, and subsequently the undersigned entered into a contract with the said Rish to furnish the plate glass for said house for the sum of $50.76, which sums were to be paid for by the said Rish upon the delivery of the said mill work and plate glass. You are further notified that the undersigned furnished said mill work and plate glass to the said Rish, amounting to $800.76, and the said Rish has received credit upon said sum of $206.32, and that there is now due to the undersigned from the said Rish upon said contract the sum of $594.44. SANDERS BROS. MFG. CO." *

2. NOTICE—*Under the Mechanics' Lien Law—When Defective.*—The following notice under the mechanics' lien law is held to be defective in not stating that the material was furnished under one or many contracts or when the money became due or whether it is due or not:

---

* This notice is taken from the transcript of the record on file in the office of the clerk of the Appellate Court at Ottawa.

666    APPELLATE COURTS OF ILLINOIS.

VOL. 99.]        Hurtt v. Sanders Bros. Mfg. Co.

" To R. YOUNG, AGENT FOR MRS. S. H. HURTT.

You are hereby notified that we have been employed by P. D. Rish, con-tractor, to furnish lumber and other building material for house erected under his contract with Mrs. Hurtt on East Madison street. We have furnished material to the value of ($801 63-100) eight hundred and one dollars and 63-100 dollars.

Of this amount. on February 20, 1899, the sum of two hundred sev-enty-three and 27-100 dollars ($273.27) remains unpaid.

We shall hold your interest in grounds and building liable for the balance unpaid.

(Signed)    W. L. CRAIG & Co.,<br>per W. L. Craig." *

**Petition,** under the mechanic's lien law. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded. Opinion filed January 24, 1902.

H. E. TORRANCE and R. S. McILDUFF, attorneys for appellant.

NORTON & WINKLER, C. GRIGGS and GEO. P. HILLS, attorneys for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

On July 21, 1898, Mrs. S. H. Hurtt, appellant, entered into a written contract with appellee Peter D. Rish, to erect for her a residence in the city of Pontiac, for the sum of $2,765, " subject to additions and deductions," as provided in the contract.

The contract also provides that the building shall be com-pleted on or before November 1, 1898, if possession of the premises is given to Rish on or before July 25, 1898, and provides for a certain extension of time in the event of the happening of either of certain contingencies therein men-tioned that might delay the work. There is no proof that any of these contingencies occurred.

It also provides that all payments shall be upon the arch-itect's certificates (to be made every two weeks), the con-tractor to receive eighty per cent of the estimate, the owner to retain twenty per cent of the contract price until com-

---

* This notice is taken from the transcript of the record on file in this case in the office of the clerk of the Appellate Court at Ottawa.

pletion and acceptance of the building, final payment to be made within five days after fulfillment of contract.

After beginning work Rish prosecuted it very indifferently, and when November 1, 1898, arrived, the building was not finished, and finally work ceased entirely.

January 14, 1899, notice was served upen Rish by Mrs. Hurtt that she would enter upon the premises at the expiration of five days and proceed to finish the work at his expense, unless he himself did so. The building was at this time habitable, and she arranged with Rish that she might occupy it, but stipulated in writing that her occupancy should not be construed as an acceptance of the building or as a fulfillment by Rish of his contract. Some work was done or materials gotten in February, but work was again stopped, and finally, on April 14, 1899, Mrs. Hurtt served notice upon Rish that if he did not go on with the work within five days she would herself take charge and complete the building. Rish ignored this notice and entirely disregarded his contract, whereupon Mrs. Hurtt did take charge of the building, and under the direction of R. A. Young, as architect, it was finished about June 1, 1899.

Appellees, Sanders Bros. Mfg. Co., W. L. Craig & Co., Henry R. Davies and George S. Thompson were severally sub-contractors of appellee Rish, Sanders Bros. Mfg. Co. having taken the contract for the mill work, interior finish and certain plate glass, Craig & Co. the contract for nearly all other materials, Davies the contract for the construction of the brick and stone work, and Thompson the contract for the galvanized iron and tin work, certain hardware and the nails. These several contracts were oral.

It is impossible to determine, from either the pleadings or the testimony, just when some of the materials were furnished and when certain of the work was done.

Appellee Thompson instituted this proceeding by filing a petition to enforce a lien in the Circuit Court of Livingston County on July 10, 1899, and made Mrs. Hurtt, Rish, Craig & Co. and Sanders Bros. Mfg. Co., parties defendant. Davies subsequently became a party by intervening peti-

668    APPELLATE COURTS OF ILLINOIS.

VOL. 99.]        Hurtt v. Sanders Bros. Mfg. Co.

tion. Mrs. Hurtt filed an answer to the original and inter-
vening or cross-petition admitting ownership of the lot on
which the building was erected and that she made a written
contract with Rish July 21, 1898, and denied that the
building was erected and completed according to the terms
of the contract, averred the notice to Rish heretofore
referred to, and stated that she was obliged to and did take
charge of the work and complete the building, and in so
doing she necessarily expended all the money not thereto-
fore paid to Rish, to be coming to him upon the contract,
except the sum of $134.05 now in her hands, subject to the
order of the court.

The case being brought to issue, was referred to the mas-
ter in chancery to take proofs and report his conclusions.
After hearing the testimony offered by the various parties
the master reported that none of the complainants were
entitled to a mechanic's lien, but that the amount in the
hands of Mrs. Hurtt (erroneously reported to be $185.99)
should be distributed among the various creditors in pro-
portion to the amount of their respective claims. Excep-
tions were filed to the master's report by the various
claimants. The court sustained certain exceptions to the
master's report and entered a decree finding that Thompson
and Davies were not entitled to liens and decreed liens in
favor of Sanders Bros. Mfg. Co. and W. L. Craig & Co. for
$191.02 and $112.16, respectively. Mrs. Hurtt brings the
case to this court by appeal and assigns various errors; and
Sanders Bros. Mfg. Co. and W. L. Craig & Co. assign
cross-errors, alleging that larger sums should have been
awarded to them respectively. We hold that the master
correctly found that none of the parties were entitled to
mechanics' liens and that the action of the trial court in
sustaining exceptions to such findings is erroneous.

Section 22 of the act of 1895 gives sub-contractors a lien.
Section 25 permits the sub-contractor, at any time after
making his contract with the contractor, and requires him,
within sixty days after the completion thereof, to serve a
written notice of his claim on the owner or his agent, etc.

The claim becomes a lien from the date of the service of such notice.   By section 34 the four months within which he must commence his suit to enforce his sub-contractor's lien is determined by the time when final payment is shown to be due by said notice.   By section 25 such notice must state his claim, the amount due and to become due thereunder, and when it became or will become due.   The form of notice prescribed by such section shows that the date when the payment became due or is to become due is to be stated.

The notice served by Sanders Bros. Mfg. Co. states that they furnished material under two contracts with Rish.   It states the first contract was made on or about September 1, 1898, and that the other was made subsequently and that payment was to be made on delivery of the material.   It does not state when the material was to be delivered nor that there was any fixed time when it should be delivered. It does not state when the payments were to be made.   It states that there is now due from Rish a certain sum, but it does not say when it became due or when the material was delivered.   It clearly does not comply with the statute.

The notice served by W. L. Craig & Co. is still more defective.   They notify the owner that they were employed by the contractor to furnish material for the building and have furnished material to a certain amount and that a certain portion thereof remains unpaid.   They do not state whether this was furnished under one or many contracts and do not state when the money became due; nor whether it is due or not.   The respective petitions of these parties set up these notices and expressly claim a lien by virtue thereof under the mechanics' lien law of the State.

They argue no notice was necessary.   Section 25 provides notice shall not be necessary where the sworn statement of the contractor provided for by section 5, or of the sub-contractor provided for by section 23, shall serve to give the owner true notice of the amount due and to whom due.   Section 5 provides that a sworn statement from a contractor shall not be necessary if the contractor has given

the owner a bond for the benefit of those having liens. In this case such a bond was given. It is argued section 25 should be construed as if it read also that notice should not be necessary by the sub-contractor to the owner if the bond had been given under section 5. We have no authority to read such provision into section 25, nor do we think anything of that kind is meant. The meaning is that if the sworn statement of the contractor gave the owner a true notice of the amount due and to whom due, it should be unnecessary for the sub-contractor to give notice to the owner merely to repeat those facts. But the giving of the bond did not convey to the owner any information as to the sub-contractors and the amounts due them. Decree reversed and remanded.