FRANCIS BEIDLER & Co. Appellee, *vs.* CHARLOTTE A.. HUTCHINSON, Appellant.

*Opinion filed February 20, 1908—Rehearing denied April 9, 1908.*

1. MECHANICS' LIENS—*delivery of material must be made with consent or knowledge of owner or agent.* A mere unloading of material at the place where the building or improvement is being constructed does not satisfy the first proviso to section 7 of the Mechanic's Lien law of 1903, unless there is some evidence to show knowledge or consent of the owner or his agent as to the delivery of such material.

2. SAME—*what does not show final delivery of material.* Under the first proviso to section 7 of the Mechanic's Lien act of 1903 the final delivery of material is not established by proof that a load of lumber was unloaded in the alley in the rear of the building without the knowledge or consent of the owner or her agent; and in such case the date of the last previous delivery fixes the time for giving notice of the sub-contractor's lien under section 24 of the act.

3. SAME—*when sub-contractor's lien is lost.* Where a sub-contractor's agreement with the contractor to furnish material is not in writing, except as to the prices, but it appears from the evidence that the course pursued by the parties was to inspect and receipt for each load of material when it was delivered, failure of the sub-contractor to give notice of his demand to the owner within sixty days from the final delivery of material, as required by section 24 of the Mechanic's Lien act, defeats his right to a lien.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

This is a bill filed by Francis Beidler & Co. against Charlotte A. Hutchinson, as the owner of premises known as No. 196 South Desplaines street, Chicago, for the purpose of establishing a lien against said premises, under the Mechanic's Lien act, for lumber furnished by complainant, on the order of the contractor, for an addition to a factory building located on said premises. Mrs. Hutchinson and Julien, the contractor, answered the bill. The cause was

referred to a master, who reported findings in favor of the complainant and recommended a decree for lien for $1832.50. Numerous objections were filed to the master's report, all of which were overruled by the master. The objections before the master were treated as exceptions in the circuit court. That court overruled the exceptions and entered a decree in accordance with the recommendations of the master. The decree has been affirmed by the Appellate Court for the First District. By her further appeal Mrs. Hutchinson brings the record to this court for review.

The facts as disclosed by the evidence are as follows: Charlotte A. Hutchinson, as the owner of the premises in question, employed Joseph E. Julien to furnish labor and materials for certain improvements to the premises, for which Mrs. Hutchinson agreed to pay Julien $2996. On July 5, 1903, Julien entered into a contract with Francis Beidler & Co., a corporation dealing in building material, whereby appellee agreed to furnish all the lumber required for the construction of the improvement, and Julien promised to pay on the tenth of each month for all lumber delivered during the next preceding month, and that the last payment should be made on the tenth of the month following the last delivery. Under its contract appellee furnished lumber which at the price agreed upon amounted to $1482. The first lumber was delivered about the 8th day of July. The date of the last delivery is a disputed question, which will be hereafter considered. Between July 29, 1903, being the date of her first payment to Julien, and October 27, 1903, the date of her last payment, Mrs. Hutchinson paid Julien $2996, being the full amount of her contract. On November 30, 1903, the lumber company served a notice of lien on Mr. Drake, architect and agent of Mrs. Hutchinson. On August 7, 1903, Julien paid appellee $700, and subsequently, on September 10 and 24, he made to appellee two other payments of $450 each. Julien had an open account with appellee. He owed appellee for material furnished for

other jobs. Julien testifies that he directed the application of the payments made, to the payment of the bills for material for Mrs. Hutchinson's job. He claims that the money with which he made the payments to appellee was money obtained from Mrs. Hutchinson. Appellee contends, and introduces evidence tending to support such contention, that the payments made by Julien to appellee were not made with directions to apply them on the Hutchinson account, and that such payments were credited, with Julien's knowledge, on his old account. The contractor was not required by the owner or her agent, the architect, to furnish any sworn statement of amounts due sub-contractors before the payments above stated were made. On November 6, 1903, and before any notice of lien was served by the appellee, a written statement under oath was made by the contractor, attempting to comply with section 5 of the Lien law.

ALLEN G. MILLS, for appellant.

NEWMAN, NORTHRUP, LEVINSON & BECKER, and AR-THUR B. SCHAFFNER, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

In the view that we take of this case it will only be necessary to consider one question. The appellant contends that appellee did not serve the notice of lien required by section 24 of the Mechanic's Lien law of 1903 (Laws of 1903, p. 240,) within sixty days after the last delivery of material under the contract of appellee with Julien.

The evidence shows that appellee served its notice of lien on November 30, 1903. The last delivery of material by appellee about which there is no dispute was on the 29th day of September, 1903. If this delivery be found to be the last delivery of material, then it is conceded that appellee's notice was not in time and no rights were acquired thereby. The alleged delivery upon which appellee relies relates to a wagon load of lumber which appears to have

been ordered by the contractor for this job. The evidence shows that on October 2, 1903, a load of lumber apparently intended for use in this building was sent to the place by appellee. Upon arriving there some one made objection to the lumber, saying that it had not been properly dressed. The driver of the wagon says that he supposed it was Mr. Julien who refused to accept the lumber, but he did not know Mr. Julien. The load of lumber was returned to appellee's place and was thereupon sent by another driver to the planing mill to have it dressed in accordance with the requirements. The lumber, after being tongued and grooved at the planing mill, was again hauled to No. 196 Desplaines street, arriving there about five or six o'clock in the afternoon. At the time the lumber was brought to appellant's premises the second time the contractor and his employees were gone. The driver, Helmboldt, found some man on the premises and asked him what he should do with the lumber. This party informed him that he had nothing to do with it, but that he might throw it off in the alley, under the elevated railroad, if he wanted to. The driver asked this man if he would receipt for the lumber, and he informed him that he would not, saying that he had no authority in the premises. Thereupon the driver unloaded the lumber in an alley in the rear of the appellant's building. This alley is occupied by a line of elevated railroad. The lumber was placed under the elevated road in the alley. It remained in the alley for several weeks, until complaint was made by the elevated railroad's agent. Finally the employees of the elevated railroad company hauled the load of lumber away. What became of it is not further disclosed by the evidence. No part of this load of lumber was used or appears to have been needed in the construction of the appellant's building. The evidence tends to show that the building had been completed, so far as Julien's contract was concerned, the last of September. It is not shown that the contractor or Mrs. Hutchinson, or any one representing

either of them, had any knowledge whatever that this load of lumber had been deposited by appellee's teamster in the alley. It is not shown that any of the previous loads of lumber had been unloaded or received at the place where this load was left.

Under the foregoing facts the master found that the last delivery of material was made by appellee on October 2. That finding has been approved by the circuit and Appellate Courts. In this we think there is manifest error. Appellee contends that under the provisions of section 7 of the Mechanic's Lien law of 1903 the facts above recited constitute a delivery, within the meaning of said act, and that the sixty days allowed to sub-contractors to give notice did not commence to run until the second day of October.

The language of the Lien law relied on by appellee is as follows: "No such lien shall be defeated to the proper amount thereof because of an error or overcharging on the part of any person claiming a lien therefor under this act, unless it shall be shown that such error or overcharge is made with intent to defraud; nor shall any such lien for material be defeated because of ·lack of proof that the material after the delivery thereof, actually entered into the construction of such building or improvement, although it be shown that such material was not actually used in the construction of such building or improvement: *Provided,* it is shown that such material was delivered either to such owner or his agent for such building or improvement to be used in such building or improvement, or *at the place where said building or improvement* was being constructed, for the purpose of being used in construction."

Appellee's contention is based on the assumption that depositing the lumber in the alley at the rear of the building being constructed, for the purpose of being used in the construction thereof, constituted a delivery "at the place where said building or improvement was being constructed," and was therefore a compliance both with appellee's contract

and with the statute. This view seems to have received the sanction of the circuit and Appellate Courts. Even if the alley in which the lumber was left is conceded to be "the place where said building or improvement was being constructed," still, by reading the entire proviso above quoted, it will be seen that the delivery must be "either to such owner or his agent for such building or improvement." This language must be read in connection with the other language relating to the place of delivery, and when the entire clause is read together and applied to the subject matter to which it relates, we think that the delivery must be "to the owner or his agent," and that there should be some proof showing an acceptance of the material. Merely hauling a load of material and unloading the same on or near the premises where a building is being constructed, without showing that the owner or other person authorized to receive the material had notice of such delivery and some proof of acceptance of such material, cannot, we think, be held a delivery under the statute or the contract shown in this case. Under the contract appellee agreed to deliver the material for this building as the same was required. The evidence shows that all previous deliveries, except one, under this contract had been receipted for in writing by the contractor. The hauler of the lumber was furnished in each instance with a ticket showing the name of the contractor, J. E. Julien, No. 196 Desplaines street, followed by the number of feet and dimensions of the lumber and the name and number of the driver in charge. Upon arriving at the place, the lumber was unloaded and checked off, and the contractor wrote, "Received.—J. E. Julien." In a few instances the tickets were signed by other persons, presumably by authority of Julien. There are two tickets, one dated July 11, 1903, and the one for the load of lumber in question, dated October 2, 1903, which were not receipted by any one. The ticket of October 2 was returned by the driver to appellee, and afforded notice to it, if notice was

necessary, that the lumber had not been receipted for by anyone. No part of the contract between Julien and appellee was in writing, except the prices of material to be furnished, and the evidence is very meager as to the terms and conditions in said contract, but we think it is a fair inference from the method pursued by the parties under the contract that the material was to be inspected before it was received. The load of lumber in question, it will be remembered, had been rejected and returned to the planing mill to be dressed, thus showing that appellee recognized the right of the contractor to refuse material offered which might be unsuitable for the purpose required. Under this view the load of lumber in question was not delivered, within the meaning of the contract. Failure of appellee to prove that it served notice within sixty days from the 29th day of September defeats its right to a lien.

The judgment of the Appellate Court and the decree of the circuit court are reversed and the cause is remanded to the circuit court, with directions to enter a decree dismissing the bill as to appellant, Charlotte A. Hutchinson.

*Reversed and remanded, with directions.*