## South Side Lumber Company, Appellant, v. Sydney S. Date et al., Appellees.

### Gen. No. 15,055.

1. MECHANIC'S LIENS—*who subcontractor within meaning of section 21 of Act.* Held, that a lumber company, under the evidence in this case, was a subcontractor within the meaning of section 21 of the Mechanic's Lien Act of 1903.

2. MECHANIC'S LIENS—*how notice of subcontractor's lien must be served.* The subcontractor's notice provided for by section 24 of the Mechanic's Lien Act must be personally served upon the owner within sixty days after the date of completion of the subcontract in order to lay the foundation for a lien in every case when the sworn statement of the contractor has not been made to the owner and notice given him of the amount due and to whom it is due.

3. MECHANIC'S LIENS—*when judgment against contractor in favor of subcontractor properly denied.* If the case involving the appeal has not

been disposed of as to the subcontractor it will not be considered as error if the court in denying a judgment in favor of the subcontractor against the owner of the premises in question fails to enter a judgment against the contractor.

Mechanic's lien. Appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed June 28, 1910. *Certiorari* denied by Supreme Court (making opinion final).

**Statement by the Court.** This is an appeal by the South Side Lumber Company from a decree of the Circuit Court dismissing for want of equity its bill of complaint to establish a mechanic's lien on certain premises therein described.

The bill of complaint filed October 23, 1906, was subsequently amended June 18, 1907, and as so originally filed and amended alleged that the complainant was engaged in the manufacture and sale of lumber, etc.; that on December 24, 1905, Sydney S. Date owned the premises described therein situated at the southeast and the southwest corners of Harvard street and Springfield avenue, in Chicago, Cook County; that on December 24, 1905, the defendant, Sydney S. Date, entered into a contract with the Chicago Land, Loan and Construction Company, whereby the Construction Company was to construct four residence buildings on the premises, to superintend the work of construction and order the material, and Date was to pay the entire cost of all the said buildings, including the material used in the same, and in addition thereto pay to the Construction Company four per cent. of the entire cost of the buildings; that on December 24, 1905, the Construction Company, pursuant to the contract, purchased from the complainant Lumber Company lumber, lath and posts as it might order from time to time at the prevailing prices at the time of delivery, and the complainant delivered to the premises for use in said buildings the lumber, posts and lath upon the order of the Construction Company to the amount of $1,989.85, when charged at the prevailing market prices at the time of delivery as shown by the itemized statement attached to the bill and made a part thereof as "Exhibit A"; that all the said material was necessary in the construction, erection and completion of said buildings, and

was used in the same, and the prices charged were the prevailing market prices at the time of delivery and were also fair and reasonable; that the first delivery of material was on December 20, 1905, and the last on August 3, 1906; that all of the buildings were erected on the premises in accordance with the said agreement between Date and the Construction Company, and constitute a valuable improvement thereon; that they have been completed and accepted by Date as a complete performance of the contract.

It is averred that Date did not require of the Construction Company sworn statements as to the subcontractors and the amount due to each of them, and such statements were not furnished when Date made payments on the contract; that there became due and owing from Date to the Construction Company under their contract the sum of $5,000, which is still due and owing to the Construction Company from Date, and that there is due and unpaid to the complainant for material furnished and delivered at said premises from the Construction Company $1,979.85 with five per cent. interest from August 10, 1906; that on October 2, 1906, the complainant served on Date a notice of its claim for lien as follows:

"To Sydney S. Date, owner.

You are hereby notified that the South Side Lumber Company has been duly employed by Chicago Land Loan & Construction Company to furnish materials, lumber, lath and posts under its contract with you on your proeprty, described as follows:

Numbers 2050, 2052, 2054 and 2056 Harvard street, being at the southeast and southwest corners of Springfield avenue, Chicago, Cook County, Illinois, and that there was due it on the 10th day of August, 1906, therefor the sum of nineteen hundred and seventy-nine and 85/100 dollars, and that it shall hold the buildings and your interest in the grounds liable for the amount that is due it on account thereof.

Dated this 2nd day of October, A. D. 1906.

South Side Lumber Company,<br>
By J. J. Nichols,<br>
President."

The petition makes Nellie B. Date and Theo. Rost parties defendant, averring that they have some interest in the premises.

Exhibit "A" attached to the bill or petition is a list of lumber as itemized and amounts from December 20, 1905, to and including August 3, 1906, aggregating $1999.63, with a credit of $9.78 for lumber returned, showing the balance due of $1989.85. The last item on the list is August 3, 2000 No. 2 lath at $5 per thousand, $10. The next preceding item is dated June 23, 1906, sundry lumber $78.07.

Nellie B. Date filed an answer admitting her interest as the wife of Sydney S. Date. Her answer neither admits nor denies any other allegation.

Sydney S. Date filed an answer to the bill as amneded, admitting ownership and the contract with the Construction Company, which Company was to furnish all material and labor necessary, and to pay in full for the same and turn the buildings over to Date free from lien, and Date was to pay therefor the actual cost of said buildings plus four per cent. of said actual cost; that prior to notice to him he had paid the Construction Company more than the actual cost, plus four per cent. thereon.

His answer calls for proof of the sale and delivery of material by the complainant; denies that the Construction Company purchased for use in the buildings the material described in Exhibit "A" attached to the bill; denies that the material was necessary in the erection of the buildings; that the prices were the prevailing ones at the time of the delivery; denies that the last delivery was August 3, 1906. Defendant avers that the defendant is informed that the Construction Company has paid the Lumber Company much, if not all, of the amount claimed due to it, and that nothing is due to it, and denies that there is due to the Construction Company from him any sum of money or any sum of money from the Construction Company to the Lumber Company; alleges that on August 22, 1908, the Construction Company settled and

adjusted all of the complainant's demands; denies the service of a notice of the lien by the complainant.

Rost and the Chicago Land, Loan & Construction Company were defaulted. The cause was referred to a master in chancery to take proofs and report his conclusions of law and facts. The master filed his report January 30, 1908. The objections filed before the master were ordered to stand as exceptions in the Circuit Court. On the filing of the report and the consideration of the exceptions thereto the court entered a decree dismissing the bill for want of equity.

JOHN E. CRAWFORD and ROBERT F. KOLB, for appellant.

GAIL E. DEMING, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

The complainant urges a reversal of the decree of the court below upon the following grounds:

First, that the court erred in finding that nothing was due from Date to the Construction Company; second, the court wrongfully found that the alleged delivery of August 3, 1906, was not made; third, the court wrongfully found that the notice of lien was not properly served; and fourth, that the court below should have decreed the lien on the premises in question and should have entered a judgment in favor of the complainant against the Construction Company.

The evidence in the record tends to show that on December 14, 1905, the defendant, Sydney S. Date, was the owner of the real estate described in the bill of complaint and that four buildings were erected on the premises described under a verbal contract between Date and the Construction Company which was made about December 14, 1905, whereby the Construction Company agreed to build and construct upon the premises four buildings to be used for residence purposes, the Construction Company agreeing to furnish the material and labor for the complete erection and construction of the buildings, and was to pay in full for the same and turn them over to Date fully completed and paid for, free from all

mechanics' liens and in consideration thereof Date was to pay the Construction Company the actual cost of the buildings plus four per cent. thereof; and that Date was not to be personally responsible for any bill for material or labor ordered by, furnished to or accepted by the Construction Company in the erection and construction of the buildings.

A statement was offered in evidence made by Bumann, president of the Construction Company, to Date showing a total amount for material and labor furnished of $21,054.84, and a payment of $20,085.00, leaving a balance due at date of the statement, May 28, 1906, of $969.84. At the bottom of the statement there appears what purports to be a list of bills unpaid amounting to $1,140. This statement was offered in evidence merely to show that it was not such a contractor's statement as is contemplated by the mechanic's lien law, and for no other purpose. The statute requires a sworn statement of a specified character to be served upon the owner by the contractor. This writing was offered in evidence to prove that it, the only writing that passed between the parties which could in any way be claimed to be a compliance with the statutory requirement, did not in fact comply therewith, as it was not sworn to. The contents of the writing were not offered in evidence as an admission of the Dates or to prove the truth or the falsity thereof. In other words, this paper was offered to show that it did not contain an oath; not, that it contained admissions. We do not regard it as competent evidence to show what was due from Date to the Construction Company, or as in any way binding upon Date. Both Date and Bumann testify that all that was due by that statement was paid, and that there was nothing due to the Construction Company at the time of the filing of the bill or the alleged service of a notice for a lien upon Date.

The evidence tends to show likewise that about December 14, 1905, Bumann, the president of the Construction Company, entered into a verbal contract with the Lumber Company substantially as alleged in the bill of complaint and that pursuant to that contract the Lumber Company delivered at the premises described in the bill of complaint for use in the

construction of the buildings being erected thereon lumber, posts and lath upon the order of Bumann to the amount of $1,989.85, the same being charged at the prevailing market prices at the time of the respective deliveries of the said material, and that all of the said material was necessary in the construction and erection of the buildings and was used in the same in practically equal proportions, and that the prices for the lumber as charged were the prevailing market prices, and the fair and reasonable prices at the time of the deliveries. The first delivery of material at the premises was made about December 20, 1905, and the last delivery concerning which there was no real controversy in evidence was a load of posts which was delivered on June 23, 1906. There is no real controversy in the record as to the deliveries of all the material at the times mentioned in the statement attached to the bill of complaint, except one item thereof under date of August 3, 1906. As to that item of August 3 for 2000 lath $10, it is contended on behalf of the complainant that it was ordered by Bumann to be used on the premises in some repairing or in completing a small portion of the work; that Bumann gave the order to Crawford for this lath, and that Crawford ordered the shipping clerk to deliver the lath. On the part of the defendant it is proven by Bumann that no such order was given. Bumann's testimony is positive upon this point, and also with equal positiveness he testifies that the building was fully completed sometime in the early part of July, 1906; that the last work on the premises was the erection of fences, which was done during the first two weeks of July. In further support of the giving of the order the testimony of the shipping clerk is shown in the record as to his custom to put on the delivery ticket the exact date when the delivery was made, and he testifies that he received the order from the order clerk and saw the lath were loaded on a wagon, and that he made out a ticket dated August 3, 1906, and gave it and the lath to a teamster named Cyr to be delivered on that day. Cyr testifies that on that day he delivered the lath at the buildings in question and got a receipt therefor signed by one Brook, who he says was a carpenter

working at the building at the time when he delivered the lath. Date, the owner of the building; Funk, who was employed as a carpenter at the premises during the months of July and August, 1906; two real estate men who had charge of renting the premises; Bumann, and a Mrs. Williams who occupied a flat in the building Number 2056 Harvard street, all substantially support Bumann in his statement that the buildings were all completely finished before the middle of July, and that the last work done was the erection of the fences and the painting of the same, which was completed before July 15, and that no carpenters were working on these buildings or any of them after that date, and that there was no man named Brook employed at the premises on August 3, or any time during the progress of the work.

An attempt was made in the record to impeach Bumann and three witnesses were produced on behalf of the complainant who testified they would not believe him under oath. A like number of witnesses on behalf of the defendant swore that they would believe him under oath, but a fair construction of their testimony is that it is based on their personal dealings with Bumann rather than on their knowledge of his general reputation for truth and veracity. The delivery ticket of this last delivery of August 3, 1906, was before the witnesses while they testified, and Crawford and Sullivan and Cyr admitted substantially that they had no independent recollection of the transaction and did not testify from an independent recollection, but based their testimony upon the sales ticket. This ticket was offered in evidence. It appears to be badly mutilated, particularly where the address or location for the delivery of the lumber appears thereon. Erasures seem to have been made at some time. Other circumstances appear from the face of the ticket and its condition which tend to provoke very strong suspicion as to its being a genuine delivery ticket made out and used in the ordinary course of business in connection with this transaction. All of the witnesses on behalf of the defense are positive in their statement and in their recollection that nothing was done upon the premises and no lumber was delivered there after

July 15, 1906. Upon a consideration of all the evidence that appears in the record upon this question, and without attempting any extended analysis of the testimony of the witnesses, we are of the opinion that the master and the court below were correct in their finding that there was no delivery of lath on August 3, 1906, at the premises in question.

In our opinion the Lumber Company was a subcontractor, within the meaning of section 21 of the Mechanics Lien Act of 1903, which defines a subcontractor as follows:

"Every mechanic, workman or other person who shall furnish any materials, apparatus, machinery or fixtures, or furnish or perform services or labor for the contractor shall be known under this act as a subcontractor."

Section 24 of the above mentioned Act provides that subcontractors furnishing labor or materials may at any time after making his contract with the contractor, "and shall within sixty (60) days after the completion thereof * * * cause a written notice of his claim and the amount due or to become due thereafter to be personally served on the owner or his agent or architect or the superintendent having charge of the building or improvement; provided, such notice shall not be necessary when the sworn statement of the contractor or subcontractor provided for in the Act shall serve to give the owner notice of the amount due and to whom due."

We think the notice provided for in the above quoted section must be personally served upon the owner within the sixty days after the date of completion of the subcontract in order to lay the foundation for a lien in every case when the sworn statement of the contractor has not been made to the owner and given him notice of the amount due and to whom it is due. Beidler v. Hutchinson, 233 Ill. 192; Merritt v. Crane Co., 126 Ill. App. 337–347; Hurtt v. Sanders Bros. Mfg. Co., 99 Ill. App. 665–668. If, as we hold, there was no delivery of materials on August 3, 1906, and the last delivery was made by the complainant on June 23, 1906, the alleged notice was not served in time to entitle the complainant to a lien.

Furthermore, the notice attempted to be served on Date, the owner, was not served as required by the statute. The evidence shows that on October 2, 1906, the complainant by its agent delivered to an employe of Lamson & Company, at the office of the firm in the city of Chicago, the notice alleged in the bill of complaint. Date was not in the city of Chicago on that day. The clerk of Lamson & Company promised to hand it to Date. Date was not then a member of the firm of Lamson & Company, and had not been connected with the firm since May 1, 1906. He had left his desk in the office of the firm and went there occasionally for his mail. On the day following, October 3, Date found the notice on his desk. This was not the personal service of a notice within the terms and intent of the statute.

It is urged on behalf of the complainant that the decree is erroneous in that the court below should have entered a judgment for the amount of complainant's claim against the Construction Company. We think the decree appealed from disposes of the case as to the defendants Sydney S. Date and Nellie B. Date and the right of complainant to a mechanic's lien on the premises in question, and no further. It does not dispose of the bill as to the defendant Chicago Land, Loan & Construction Company. The bill is left pending as to that company. The decree is, however, final as to the Dates and the alleged lien on the land. We see no reason why complainant may not apply for and recover in this cause a judgment in the lower court against the Construction Company, if, under the statute it is entitled to such a judgment. We are not called upon, however, to pass upon that question and do not express any opinion upon it.

We find no error in the record and the decree of the Circuit Court is affirmed.

*Affirmed.*