Sykes Steel Roofing Company, Defendant in Error, v. Abraham Bernstein et al. Abraham Bernstein et al., Plaintiffs in Error.

## Gen. No. 15,236.

1. MECHANIC'S LIENS—*what essential to recovery of judgment by subcontractor in assumpsit against owner and contractor.* A subcontractor cannot recover a judgment in an assumpsit suit against the owner and the contractor unless he has proved a contract between the owner and the contractor for the work or labor the subject-matter of the suit.

2. MECHANIC'S LIENS—*what service of notice by subcontractor upon owner insufficient.* Such a notice served through the United States mail by registered letter is insufficient; the statute requires the service to be personal, and in this regard, the statute being in derogation of the common law, substantial performance of its conditions cannot be dispensed with nor a recovery sustained when it appears a material requirement of the statute has not been observed.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed July 14, 1910.

BLUM & BLUM, for plaintiffs in error.

JAMES TODD, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This cause in the trial court was by agreement of the parties submitted to the presiding judge for trial without a

jury, which trial resulted in a finding and judgment against all the defendants, including plaintiffs in error, for $500 and costs. From the judgment Bernstein & Wolf prosecute this writ of error.

While numerous errors are assigned and argued, we shall confine our opinion within two points, viz: The insufficiency of the proof to sustain the judgment, and the failure to serve the mechanic's lien notice in compliance with the statute.

The suit is in assumpsit, brought by plaintiff against defendants Bernstein & Wolf as owners, and Hanok & Stone, alleged original contractors, to recover the contract price for certain fire-proof windows installed in the building of the owners by plaintiff under an agreement with the contractors Hanok & Stone. The right to recover jointly against the owner and original contractor by plaintiff, a subcontractor, is given by section 28, chapter 82, Rev. Statutes, title, "Liens", and is most often designated as the "Mechanics Lien Act."

A subcontractor cannot recover a judgment in an assumpsit suit against the owner and the contractor unless he first prove a contract between the owner and the contractor for the work or labor the subject-matter of the suit. This plaintiff utterly failed to do. Not only did plaintiff fail to prove such a contract, but when counsel for Bernstein & Wolf attempted to prove the existence of such a contract in defense of the claim, on objection of plaintiff such attempt was frustrated. There being no evidence of a contract in the record between the owner and the original contractor, it can neither be determined whether plaintiff was employed by the contractor with authority, nor what amount, if any, the owners are liable to pay to the plaintiff in force of the Lien Act. Schmelzer v. Chicago, etc., 85 Ill. App. 596. As said in Marski v. Simmerling, 46 *ib.* 531: "The provision of the statute that the owner and contractor may be sued jointly does not make them jointly liable to the extent of the subcontractor's claim. The owner cannot, as a rule, be made liable beyond the amount he has contracted to pay, or to pay

at a different time, or in a different manner.   *   *   *   The contractor is liable for what and as he has promised to pay, whether it be more or less, sooner or later, than what the owner is to pay him." This record furnishes no evidence from which the liability of the owners may be determined. Hruby v. Vokoun, 57 Ill. App. 194.

The notice of the subcontractor's claim required by the statute to be served upon the owner was sent to Bernstein & Wolf, such owners, through the United States mail by registered letter. Such method of service of such notice is not a compliance with the statute and was abortive as a foundation on which to rest the right given by the statute to a recovery against the owners. The statute requires the service of such notice to be personal, and in this regard the statute being in derogation of the common law, a substantial fulfilment of its conditions cannot be dispensed with nor a recovery sustained when it appears a material requirement of the statute has not been pursued. In Carney v. Tully, 74 Ill. 375, in construing a similar mechanic's lien statute the court held that notice required by the statute to be given by a subcontractor to the owner of the property, to hold him liable must not only be in writing, but must be served personally, and that the service by United States mail is insufficient to charge such owner. In the Carney case *supra* the notice by mail, as in this case, reached the owner. The court also laid down the rule that the Mechanic's Lien statute was in derogation of the common law, and that those claiming its benefits must bring themselves clearly within its provisions. Peck v. Hinds, 68 Ill. App. 319, is to the same effect as the Carney case *supra* and directly holds that service of notice on the owner must be personal, and that service by mail is not a sufficient compliance with the Act, and observes that "no person can have a lien under the mechanic's lien law without showing a strict compliance with its provisions. Belanger et al. v. Hersey et al., 90 Ill. page 70."

For the foregoing reasons the judgment of the Municipal Court is reversed and the cause is remanded.

*Reversed and remanded.*