**Rittenhouse & Embree Company, Appellant, v. Julian Smolinski and Josepha Smolinski, Appellees.**

### Gen. No. 17,812.

MECHANIC'S LIEN—*proof of delivery of material.* In a suit by a subcontractor to enforce a mechanic's lien, *held,* that complainant did not show an alleged delivery of material within sixty days prior to the time notice of lien was served, by a preponderance of the evidence, as required by the Mechanic's Lien Act, § 7.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch

Appellate Court at the October term, 1911.   Affirmed.   Opinion filed February 13, 1913.

ADAMS, BOBB & ADAMS, for appellant; JAMES B. WESCOTT, of counsel.

JAMES G. SKINNER, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This is a bill to enforce a mechanic's lien filed by appellant, subcontractor and hereinafter called complainant, against appellees, owners and hereinafter called defendants, and A. A. Jankowski, original contractor, and others.   Jankowski made a written contract with defendants to erect a building upon premises owned by them and complainant made a verbal contract with Jankowski whereby it agreed to furnish and deliver to said premises certain lumber and building material, as and when he should direct, at the market prices therefor, and complainant, in pursuance of its contract with Jankowski, furnished and delivered to said premises various lots of such material which were used in the construction of said building, the first delivery being made June 18, 1909.   Complainant claimed that there was a balance due it for such material, so furnished, of $596.48, and further claimed that the last delivery was made on September 16, 1909.   On November 13, 1909, within sixty days after September 16th, complainant caused the usual subcontractor's notice of mechanic's lien to be served upon defendants, and, not receiving payment of said balance, filed this bill on January 8, 1910.   Defendants claimed that the last delivery made by complainant to said premises was on September 2, 1909, that complainant's notice of lien was not served on defendants within sixty days from the date of the last delivery and that, therefore, complainant had no lien on defendants' property.   After the cause was put at

398    APPELLATE COURTS OF ILLINOIS.

Rittenhouse & Embree Co. v. Smolinski et al., 177 Ill. App. 396.

issue it was referred to a master in chancery to take proofs and report his conclusions of law and fact. Practically the only issue of fact before the master was as to the date when complainant made its last delivery to said premises. The testimony of many witnesses was heard on this point, and was very conflicting. The master, however, found that the last delivery was made by complainant on September 16, 1909, that complainant's notice of lien was, therefore, served in time and that complainant was entitled to a lien on said premises for the amount claimed, and so reported to the court. On the hearing of exceptions to the master's report, the court found, *inter alia,* that complainant made its last delivery to said premises on September 2nd, that the building was completed and occupied by defendants, or their tenants, on September 9th, that complainant's notice of lien was not served on defendants within sixty days after the last delivery, and that complainant was not entitled to a mechanic's lien, and dismissed the bill for want of equity.

As stated by counsel for complainant, the sole question involved in this appeal is one of fact, namely, was complainant's notice of lien of November 13, 1909, served on defendants within the time required by section 24 of the Mechanic's Lien Act? If it was, complainant is entitled to a lien on said premises; if it was not, no lien can attach. To answer this question it is necessary to determine the date of the last delivery by complainant of material to said premises, in pursuance of the provisions of its contract with Jankowski. The testimony offered on behalf of complainant tended to show that deliveries were made on September 2nd, 9th, and 16th. The delivery of September 2nd was admitted. The testimony as to a delivery on the 9th was conflicting. To sustain the lien, however, it was necessary to show a sufficient delivery on the 16th. The testimony as to this alleged delivery was

also conflicting. Thorson, a teamster of complainant, testified that on said date he delivered a load of lumber (consisting partly of 600 feet of flooring) "to the place concerned," that Jankowski himself received the lumber and signed a delivery ticket with his initials, but that independently of the memorandum he (Thorson) could not tell where he delivered the lumber. Ossowski, the carpenter foreman on the job, testified that all floors were laid and the building entirely completed by about September 9th when he left the premises, that Jankowski was also erecting four other buildings at the same time he was building defendants' building, that two of these buildings were about half a block away, and that the flooring mentioned in the delivery ticket of September 16th was used in one of said two buildings and not in defendants' building. Several other witnesses on behalf of defendants testified that all floors were laid and the building in question was entirely completed by September 9th. Counsel for complainant argue that the dimensions of the building required a certain amount of flooring, and, inasmuch as no lumber was delivered to the building except by complainant, and the amount of the prior deliveries of flooring as shown by the delivery tickets was insufficient to lay all the floors, that the flooring mentioned in the ticket of September 16th was necessary and must have been used in defendants' building, but in arriving at this conclusion counsel make no allowance for stairways and other interior openings or places where flooring would not be required. Under section 7 of the Mechanic's Lien Act, it was necessary for complainant to show, by a preponderance of the evidence, that the material mentioned in the delivery ticket of September 16th "was delivered either to such owner or his agent for such building or improvement to be used in such building or improvement, or at the place where said building or improvement was being constructed, for the purpose of being used in construction." Beidler

& Co. v. Hutchinson, 233 Ill. 192. After a careful examination of the record before us, we have reached the conclusion that complainant did not prove by a preponderance of the evidence the alleged delivery of September 16th, and that the trial court was justified, in view of all the evidence, in finding that the complainant was not entitled to a mechanic's lien on said premises and in dismissing the bill. The decree is accordingly affirmed.

*Affirmed.*