John E. Throgmorton et al., Appellees, v. Charles Mosak et al. Pollock Lumber & Coal Company, Appellant.*

1. MECHANICS' LIENS—*how subcontractor's notice must be served.* A subcontractor in order to secure a lien must have notice personally served upon the owner of the property or his agent, architect or building superintendent.

2. MECHANICS' LIENS—*wife as agent of husband to accept notice of lien.* Marriage of itself is no proof that the wife is agent for her husband, enabling her to accept notice of mechanics' liens for him.

3. MECHANICS' LIENS—*bringing suit as not excusing subcontractor's notice.* Under Cahill's St. ch. 82, ¶ 28, providing a subcontractor can only bring suit ten days after he has served notice of his claim on the owner, agent, architect or building superintendent, suit by the subcontractor within the ten days cannot take the place of the notice as a prerequisite to recovery.

Appeal by defendant from the Circuit Court of Jefferson county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 31, 1925.

SMITH & NOLEMAN, for appellant.

E. M. PEAVLER and GILBERT & GILBERT, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

---

* Received from clerk of Appellate Court, August 8, 1927.

In a mechanic's lien proceeding brought by the original contractor, appellant filed an answer and cross-bill claiming a lien as a subcontractor. Upon a hearing the court dismissed the bill and cross-bill for want of equity.

By section 21 of the Liens Act, Cahill's St. ch. 82, ¶ 21, a subcontractor is given a lien but under section 28, Cahill's St. ch. 82, ¶ 28, it cannot be enforced until ten days after his notice has been served as provided in certain other sections, including section 24, Cahill's St. ch. 82, ¶ 24. Appellant contends that it complied with said section 24, which required it, within a specified time, to cause a written notice of its claim and the amount due or to become due to be *personally* served on the owner, or his agent, or architect, or the superintendent having charge of the building or improvement.

The building in question was erected by the contractor for Charles Mosak under a written contract. Appellant furnished the contractor certain materials and within the time required by section 24 prepared a written notice of its claim addressed to Charles Mosak and caused the same to be delivered to his wife. Appellant insists that this was a personal service of the notice as required by section 24; that the wife was the agent of her husband and acted in that capacity in accepting service of the notice; that appellant made her its agent for the purpose of delivering the notice to her husband and that she acted as such agent and delivered the notice; that Mr. Mosak acknowledged in writing that he received the notice.

It is well settled that a subcontractor's notice must be personally served and if it is sent by mail and actually received the statute has not been complied with. *Carney v. Tully*, 74 Ill. 375; *Sykes Steel Roofing Co. v. Bernstein*, 156 Ill. App. 500. In *South Side Lumber Co. v. Date*, 156 Ill. App. 430, the notice was left with a clerk of Lamson & Company, for whom Mr. Date, the owner of the building, had been working and

the clerk promised to hand it to Mr. Date. The clerk left the notice on Mr. Date's desk and he found it there when he came to the office on the following day. The court held there was no personal service within the terms of the statute and the Supreme Court denied a writ of certiorari. Under another statute it was held that where a written notice was delivered to a member of the family of the person to whom it was addressed there was no personal service. *Wilson v. Lowmaster,* 181 Ill. 170.

In *Haj v. American Bottle Co.,* 261 Ill. 362, a lawyer sought to establish a lien for fees under the Attorney's Lien Act. He mailed a notice to the appellant but there was no positive evidence that it was received. The court held it was immaterial whether the notice was received or not as it could not be served by mail.

In a case which arose under section 23 of the Liens Act, Cahill's St. ch. 82, ¶ 23, a subcontractor sent notice by mail. It was actually received and we held there was no personal service and cited several cases in support of our conclusion. *Eastwood v. Road Dist. No. 5,* 230 Ill. App. 281.

We find no evidence in the record tending to show that Mrs. Mosak was the agent of her husband for any purpose. Proof of agency does not arise, even prima facie, from the fact of the matrimonial tie. *Worthy v. Birk,* 224 Ill. App. 574; *McNemar v. Cohn,* 115 Ill. App. 31. There is no evidence that Mrs. Mosak was the agent of appellant for the purpose of serving the notice upon her husband other than the mere fact that the notice was left with her and her husband afterwards received it. In *South Side Lumber Co. v. Date, supra,* the clerk with whom the notice was left agreed to hand it to Mr. Date and Mr. Date actually received it but the court held that there was no personal service. If the actual receipt of a subcontractor's notice sent through the mail or left with one who agrees to deliver it is not a personal service, we are not warranted in

holding that delivery to a wife is personal service upon her husband.

Mr. Mosak wrote appellant stating that he had received the notice. The same situation existed in the *Eastwood* case, *supra,* and we held there was no personal service within the meaning of the law. In *Carney v. Tully, supra; Sykes Steel Roofing Co. v. Bernstein, supra,* and *South Side Lumber Co. v. Date, supra,* it clearly appeared that the notices were actually received but the courts held that the statute had not been complied with. We are not prepared to hold that a mere acknowledgment in writing of the receipt of a subcontractor's notice which was not served in the manner required by the statute is sufficient. The legislature has declared that such a notice must be personally served and the courts have no authority to say that service in a different manner shall be sufficient.

The contention that the filing of appellant's answer within the time provided by the statute for the personal service of notice by the subcontractor made it unnecessary to serve the notice cannot be sustained. By section 7 of the act, Cahill's St. ch. 82, ¶ 7, a contractor is required to file notice of his claim for lien within four months unless he files a suit within that time, but there is no provision of that kind with reference to the claims of subcontractors. On the contrary, section 28 expressly denies a subcontractor the right to bring suit until ten days after notice has been served. Appellant failed to show it was entitled to a lien. For that reason the decree must be affirmed. Whatever we might say about other questions argued would be merely *obiter dicta.*

*Affirmed.*