## Charles Agles, Plaintiff in Error, v. Stolze Lumber Company et al., Defendants in Error.

Heard in this court at the May term, 1930. Opinion filed September 22, 1930.

ROBERT FERDINAND TUNNELL, for plaintiff in error.

WARNOCK, WILLIAMSON & BURROUGHS, for defendant in error. ROSCOE C. FORTH, for W. W. HAVEN and RUTH E. HAVEN.

MR. JUSTICE FULTON delivered the opinion of the court.

Defendants in error, partners under the firm name of Stolze Lumber Company, filed a petition in the circuit court of Madison county to foreclose a mechanic's lien against certain property in Granite City, owned by the defendant, W. W. Haven. Charles Agles,

plaintiff in error, was made a party defendant and answered the petition.

He was a subcontractor and at the instance and request of the original contractor furnished the labor and material for the brickwork on the flat or building constructed on the premises.

The cause was referred to a master in chancery who heard the proofs and reported that there was due plaintiff in error the sum of $1,737, but that he was not entitled to a mechanic's lien, because he had not personally served the owner, W. W. Haven, with a notice of his claim for lien.

A decree was entered by the court which found that plaintiff in error was not entitled to a mechanic's lien against the premises for the reason that he failed to personally serve upon the owner, W. W. Haven, within 60 days from the date on which he completed his work, a written notice of his claim as required by section 24 of the Mechanic's Lien Law of 1903, Cahill's St. ch. 82, ¶ 24. From that decree Charles Agles prosecutes this writ of error.

We do not find any merit in the contention of plaintiff in error that there was an implied contract in this case between himself and the owner which would void the requirements of section 24. Neither do we give any consideration to the statement that to deny plaintiff in error a lien in this case would be a violation of his constitutional rights.

The requirements of section 24 providing for service of personal notice of the character therein described upon the owner, or his agent, or architect, or superintendent in charge of work within 60 days from the completion of his work, are plain and must be complied with in order to give the subcontractor a mechanic's lien. *Throgmorton v. Mosak*, 245 Ill. App. 330.

The decree of the circuit court, denying a lien to the plaintiff in error, is correct, and is hereby affirmed.

*Affirmed.*